# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS HARRIS, | CASE NO. 1:06-cv-01384-OWW-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF FIRST AND FOURTEENTH AMENDMENT CLAIMS, AND DEFENDANTS WRIGLEY, COOPER, AND CORNELL |
| v. | |
| BERNIE ELLIS, et al., | |
| Defendants. | (Doc. 4) |

I.  Findings and Recommendations Following Screening of Amended Complaint

   A.  Procedural History

Plaintiff Otis Harris ("plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 2000cc-1, the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). On February 24, 2006, plaintiff Harris and co-plaintiff John McFarland filed case number 1:06-cv-00212-OWW-SMS PC. The court severed the two plaintiffs' claims on October 5, 2006, ordered that a new action be opened for plaintiff Harris, and ordered that plaintiff Harris file an amended complaint, which he did on October 26, 2006.

On March 28, 2007, the court screened plaintiff's amended complaint, and found that it states a claim for relief against defendants Ellis and Uzzle for violation of RLUIPA, but does not state a RLUIPA claim against defendants Cooper, Cornell and Wrigley, and does not state any other claims for relief. The court ordered plaintiff to either file a second amended complaint or notify the court of his willingness to proceed only against defendants Ellis and Uzzle for violation of RLUIPA. On

April 12, 2007, plaintiff notified the court that he is not going to file an amended complaint and is willing to proceed only on his RLUIPA claim against defendants Ellis and Uzzle. Based on plaintiff's notice, this Findings and Recommendations now issues.

B. <u>Screening Requirement</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to plaintiff's claims in this action. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Id</u>. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not pthe test.'" <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>see also</u> <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not

initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### C. Plaintiff's Claims

#### 1. RLUIPA

Plaintiff is seeking injunctive and monetary relief against defendants Wardens B. Ellis and Wrigley, Chaplains J. Cooper and J. Cornell, and Uzzle, the Food Service Administrator. Plaintiff alleges that defendants violated his rights under RLUIPA by failing to provide an annual ceremonial meal that met the requirements of his religion.

Plaintiff is Muslim, and alleges that once a year, the Muslim community participates in a ceremonial meal for the Islamic holiday of Eid-ul-Adha (feast of sacrifice). The ceremonial meal requires, in relevant part, lamb. Plaintiff alleges that despite being aware of this requirement, and despite their willingness to accommodate Jews and Christians with special food on their holidays, defendants failed to arrange for the availability of proper food for the ceremonial meal.

The Religious Land Use and Institutionalized Persons Act of 2000 provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). If plaintiff meets his burden, defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest *and* the least restrictive means of furthering that compelling governmental interest." Id. (emphasis in original). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Id.

Plaintiff's allegations are sufficient to give rise to a claim for relief against defendants Ellis and Uzzle for violation of RLUIPA. However, plaintiff has not alleged any facts linking acts or omissions committed by defendants Cooper, Cornell, or Wrigley to the violation of his rights.

Because plaintiff's complaint contains no facts supporting a RLUIPA claim against defendants Cooper, Cornell, and Wrigley, plaintiff fails to state a claim upon which relief may be granted against them. Fed. R. Civ. P. 8(a).

### 2. First and Fourteenth Amendment Claims

Although plaintiff alleges that the court has jurisdiction over First and Fourteenth Amendment claims pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors, plaintiff fails to allege any such claims against defendants. For this reason, the court finds that the amended complaint does not state claims for violation of the First and Fourteenth Amendments.

### D. Conclusion

Plaintiff's amended complaint sets forth allegations sufficient to give rise to a claim for relief against defendants Ellis and Uzzle for violation of RLUIPA. However, plaintiff's amended complaint does not state a RLUIPA claim against defendants Cooper, Cornell and Wrigley, and does not state any other claims for relief. The court provided plaintiff with the opportunity to file a second amended complaint, but plaintiff opted to proceed on his RLUIPA claims against defendants Ellis and Uzzle. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on plaintiff's amended complaint, filed October 26, 2006, against defendants Ellis and Uzzle for violation of RLUIPA;

2. Plaintiff's First and Fourteenth Amendment claims be dismissed, without prejudice, for failure to state a claim upon which relief may be granted; and

3. Defendants Wrigley, Cooper, and Cornell be dismissed based on plaintiff's failure to state any claims upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

1 | specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
2 | 1153 (9th Cir. 1991).

4 | IT IS SO ORDERED.

5 | **Dated:   April 16, 2007**            /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE