1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9   OTIS HARRIS,                           CASE NO. 1:06-cv-01384-OWW-SMS PC

10                    Plaintiff,           FINDINGS AND RECOMMENDATIONS
                                           RECOMMENDING DEFENDANTS' MOTION
11        v.                               TO DISMISS FOR FAILURE TO STATE A
                                           CLAIM AND FOR FAILURE TO EXHAUST
12   BERNIE ELLIS, et al.,                 BE DENIED

13                    Defendants.          (Doc. 25)

14                                         OBJECTIONS DUE WITHIN THIRTY DAYS
                                       /
15

16            **Findings and Recommendations on Defendants' Motion to Dismiss**

17            Plaintiff Otis Harris ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis

18   in this civil action pursuant to 42 U.S.C. § 2000cc-1, the Religious Land Use and Institutionalized

19   Persons Act of 2000 ("RLUIPA").  This action is proceeding against Defendants Ellis and Uzzle

20   ("Defendants") on Plaintiff's amended complaint, filed October 26, 2006.  On November 27, 2007,

21   Defendants filed a motion to dismiss for failure to state a claim and for failure to exhaust, pursuant

22   to Federal Rule of Civil Procedure 12(b).  (Docs. 25-29.)  Plaintiff filed an opposition on January

23   18, 2008, and Defendants filed a reply on January 24, 2008.[1]  (Docs. 35, 36.)

24   **I.      Motion to Dismiss for Failure to State a Claim**

25            Defendants seek dismissal of this action pursuant to Federal Rule of Civil Procedure

26   12(b)(6).  Defendants have supported their motion with evidence and argument appropriate for

27   _____

28          [1] Plaintiff was provided with notice of the requirements for opposing a motion to dismiss for failure to
     exhaust on May 21, 2007.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 14.)

summary judgment, not a motion to dismiss for failure to state a claim. "The focus of any Rule 12(b)(6) dismissal . . . is the complaint," <u>Schneider v. California Dept. of Corr.</u>, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), and the Court may not look outside of the pleadings in resolving the motion.[2]

In considering a motion to dismiss for failure to state a claim, the Court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, <u>reh'g denied</u>, 396 U.S. 869 (1969). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. A Court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Id</u>. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>see also</u> <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir. 2001))).

The Court has a statutory duty to screen complaints in cases such as this and dismiss any claims that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. Given this requirement, the Court is disinclined to view with favor a subsequent motion to dismiss for failure to state a claim. The instant motion is no exception. The Court made a finding that Plaintiff's amended complaint states a claim for violation of RLUIPA. Defendants' attack on

---

[2] The Court declines to treat Defendants' motion as one for summary judgment. If they wish to seek summary judgment, they must do so in compliance with the Local Rules and the Federal Rules of Civil Procedure.

2

the merits of Plaintiff's claim is one not properly advanced in a 12(b)(6) motion, and Defendants have set forth no arguments that persuade the Court that Plaintiff's amended complaint is so woefully inadequate that it falls short of satisfying Rule 8.  Accordingly, the Court recommends Defendants' motion to dismiss for failure to state a claim be denied, with prejudice.

## II.    Motion to Dismiss for Failure to Exhaust

Defendants next move for dismissal for failure to exhaust in compliance with 42 U.S.C. § 1997e(a), which provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion.[3] Jones v. Bock, 127 S.Ct. 910, 921 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  Id.

///

[3] Defendants' argument that exhaustion is jurisdictional is without merit.

3

1   Plaintiff submitted an inmate appeal at the institutional level, which was responded to by

2   Defendant Ellis, the warden, on January 6, 2006.  (Doc. 4, Amend. Comp., pg. 5.)  Plaintiff

3   subsequently filed suit on October 5, 2006. (Doc. 1.)  Defendants argue that after the appeal was

4   addressed by Defendant Ellis, Plaintiff was required to pursue the appeal to the next by filing it with

5   the Central Office, and that in failing to do, he did not exhaust.  (Doc. 25, Motion, 10:25-27.)

6   However, the evidence submitted by Defendants indicates that there is an informal and formal level

7   of appeal at the institutional level, and that after an appeal on a Bureau of Prisons issue is resolved

8   by the Warden, it must be submitted to the Privatization Administrator and then to the National

9   Inmate Appeals Administrator.  (Doc. 27, Patrick Dec.,  ¶9.)

10   That Defendants' argument does not entirely match their evidence leaves less than clear what

11   is and is not required.  However, Plaintiff has submitted evidence that appeal issues relating to

12   religious diet are institutional issues and may *not* be appealed to the Bureau of Prisons.[4]  (Doc. 35,

13   Opp., pg. 47.)  "[E]ntirely pointless exhaustion" is not required, <u>Brown v. Valoff</u>, 422 F.3d 926, 936

14   (9th Cir. 2005), and Plaintiff's evidence is sufficient to raise a dispute of fact over whether or not

15   Plaintiff was required by rule or regulation to pursue his appeal beyond the institutional level

16   following the Warden's response. Defendants bear the burden of proving absence of exhaustion, and

17   between the shortcomings in their motion and Plaintiff's evidence, Defendants have not met that

18   burden.

19   **III.**   **Conclusion**

20   For the reasons set forth herein, the Court HEREBY RECOMMENDS that:

21   1.   Defendants' motion to dismiss for failure to state a claim, filed November 27, 2007,

22   be DENIED, with prejudice;

23   2.   Defendants' motion to dismiss for failure to exhaust, filed November 27, 2007, be

24   DENIED, without prejudice; and

25   3.   Defendants be ordered to file an answer to the amended complaint.

26   ///

27

28

[4] Plaintiff's RLUIPA claim arises from a religious dietary issue.

4

1         These Findings and Recommendations will be submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

3    **days** after being served with these Findings and Recommendations, the parties may file written

4    objections with the court.  The document should be captioned "Objections to Magistrate Judge's

5    Findings and Recommendations."  The parties are advised that failure to file objections within the

6    specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

7    1153 (9th Cir. 1991).

8

9    IT IS SO ORDERED.

10   **Dated:   May 2, 2008**                      <u>          /s/ **Sandra M. Snyder**          </u>
                                             UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    5