IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS HARRIS,                )<br>                                           )<br>        Plaintiff,              )<br>                                           )<br>vs.                                       )<br>                                           )<br>BERNIE ELLIS, et al.,       )<br>                                           )<br>        Defendants.        )<br>                                           ) | No. CV 1-06-1384-FRZ<br><br>**ORDER** |

Plaintiff Otis Harris is a federal prisoner proceeding pro se and in forma pauperis in this civil action brought pursuant to 42 U.S.C. § 2000cc-1, the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). This action is proceeding against Defendants Ellis and Uzzle on Plaintiff's amended complaint, filed October 26, 2006.

The Honorable Oliver W. Wanger, United States District Judge for the Eastern District of California, issued an order adopting the Findings and Recommendations of the of the Magistrate Judge, filed July 8, 2008, thereby denying Defendants' Motion to Dismiss for failure to state a claim with prejudice and further ordering Defendants to file an answer to the amended complaint. No objections were filed to the Findings and Recommendation for the Court to consider.

On July 25, 2008, a Notice of Suggestion of Death of Defendant Everett Uzzle was filed, notifying the Court and parties of the death of Defendant Uzzle on March 31, 2008.

Defendant Ellis filed Defendant's Answer to Plaintiff's Amended Complaint on August 5, 2008.

The Court issued an order, filed August 5, 2008, setting forth the provisions of Rule 25(a)(1), Fed.R.Civ.P., as follows:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. **Unless the motion for substitution is made not later than 90 days** after the death is suggested upon the record by service of statement of the fact of the death as provided for herein for the service of the motion, **the action shall be dismissed as to the deceased party.**

Defendants filed a Notice of Filing Proof of Service of Suggestion of Death and Waiver of Service on Everett Uzzle's Successor in Interest on August 21, 2008, thus commencing the 90 day period for the filing of a motion for substitution.

The Court issued the Discovery Order / Scheduling Order on August 19, 2008, setting deadlines for completing discovery and filing dispositive motions of April 17, 2009 and June 19, 2009, respectively.

This case was reassigned to the undersigned for all further proceedings on November 25, 2008.

There were no filings between the reassignment of this case and an untimely motion for summary judgment filed by Plaintiff on September 10, 2009. This action shall therefore be dismissed as to Defendant Uzzle pursuant to Rule 25(a)(1).

In his motion for summary judgment, Plaintiff seeks judgment as a matter of law on his claim that the Defendant, in offering to serve a "symbolic" portion of lamb to the Muslim community, thereby denying his request of the annual ceremonial Eid-ul-Adha meal, central and important to Plaintiff's practice of his Islamic faith, imposed a substantial burden on Plaintiff's free exercise of religion without a compelling justification in violation of RLUIPA,

As Defendant contends, notwithstanding that Plaintiff's motion for summary judgment is untimely, whether Plaintiff's religious exercise was substantially burdened by Defendant's accommodation of offering a "symbolic portion" of sacred meat in celebration

of Plaintiff's religious holiday, and if so, whether Defendant used the least restrictive means possible in offering Plaintiff a "symbolic portion" of his requested religious meal, are issues which cannot be determined by the Court as a matter of law. Accordingly, the issues raised under RLUIPA present disputed issues of material fact which are not appropriate for determination by the Court on a motion for summary judgment.

Based on the foregoing,

IT IS HEREBY ORDERED that this action is dismissed as to named Defendant Everett Uzzle;

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is denied;

IT IS FURTHER ORDERED that the motion to enlarge time [Doc. #57] is denied as moot.

DATED this 22nd day of January, 2010.

FRANK R. ZAPATA
United States District Judge