1
2
3
4
5
6          **IN THE UNITED STATES DISTRICT COURT**

7          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9   OTIS HARRIS,                    ) No. CV 1-06-1384-FRZ
                                     )
10              Plaintiff,           ) **ORDER**
                                     )
11   vs.                            )
                                     )
12   BERNIE ELLIS,                  )
                                     )
13              Defendant.          )
    _____)

14

15          Pending before the Court is Defendant's Motion for Judgment on the Pleadings filed

16   pursuant to Rules 12(c) and 12(h)(2) of the Federal Rules of Civil Procedure on the basis

17   Plaintiff's claims for injunctive relief are moot and monetary damages cannot be sought

18   against the Defendant in his official and individual capacities under 42 U.S.C. § 2000cc-1,

19   the Religious Land Use an Institutionalized Persons Act of 2000 ("RLUIPA").

20                         **Factual and Procedural History**

21          Plaintiff Otis Harris is a federal prisoner proceeding *pro se* and *in forma pauperis* in

22   this civil action filed pursuant to RLUIPA against Defendant Bernie Ellis, the former Warden

23   of Taft Correctional Institute in Taft, California.  This action is proceeding against Defendant

24   Ellis, now retired, on Plaintiff's amended complaint, filed October 26, 2006.

25          Plaintiff alleges that the Defendant, in offering to serve a "symbolic" portion of lamb

26   to the Muslim community in response to Plaintiff's request of the annual ceremonial Eid-ul-

27   Adha meal, central and important to Plaintiff's practice of his Islamic faith, imposed a

28   substantial burden on Plaintiff's free exercise of religion without a compelling justification.

1    Plaintiff claims that, at all times relevant to this action, he was a practicing Muslim
2    and that pursuant to his religious beliefs he participated in consuming "ceremonial" meals
3    for the Islamic holiday of Eid-ul-Fitr and Eid-ul-Adha.  Plaintiff further alleges that
4    observance of these holidays entails the consumption of lamb, goat, cattle, and other food
5    slaughtered in the name of Allah by, and prepared by, a Muslim believer, known as "halal"
6    meat.

7    On or about November 26, 2005, Plaintiff submitted a written inquiry to the Chaplin
8    of Taft Correctional Institute asking if "halal" meat would be provided to the Muslim
9    community within the institution to celebrate Eid-ul-Adha.

10   On or about January 6, 2006, following a limited administrative review process,
11   Plaintiff was informed in a letter from Defendant , then Warden of the facility, that symbolic
12   portions of lamb would be made available to him for his ceremonial meal with respect to Eid-
13   ul-Adha.  Plaintiff chose not to accept the symbolic portion of lamb made available to him.

14   Plaintiff and another federal prisoner, John McFarland, filed this action on February
15   24, 2006.

16   Plaintiff was transferred from Taft Correctional Institute in March 2006.

17   The Court issued an Order severing the claims on October 5, 2006 and Plaintiff was
18   directed to file an Amended Complaint.

19   The operative Amended Complaint was filed on October 26, 2006 against multiple
20   Defendants, asserting a cause of action under RLUIPA.

21   Following the Court's statutory screening of the Amended Complaint, all causes of
22   action and Defendants were dismissed, except the RLUIPA claim against Defendants Ellis
23   and Everett Uzzle.

24   Defendant Uzzle passed away in March of 2008; Defendant Ellis remains as the sole
25   Defendant.

26   Before the Court for consideration is Defendant's Motion for Judgment on the
27   Pleadings and Request for Judicial Notice of Plaintiff's Amended Complaint and Notice of
28   Change of Address, Plaintiff's response in opposition thereto, and Defendant's reply.

1

### Legal Standard

2    A "Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and that 'the same standard

3 of review' applies to motions brought under either rule." *Cafasso, United States ex rel. v.*

4 *General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 n. 4 (9th Cir. 2011)(quoting

5 *Dworkin v. Hustler Magazine Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989).

6    "Judgment on the pleadings is proper when, taking all the allegations in the pleadings

7 as true, the moving party is entitled to judgment as a matter of law." *Honey v. Distelrath*,

8 195 F.3d 531, 532-33 (9th Cir. 1998)(citation omitted).

9    In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6),

10 dismissal is appropriate if the complaint fails to provide a defendant with fair notice of a

11 legally cognizable claim and the grounds upon which it is based and upon which the plaintiff

12 is entitled to relief. *Bell Atlantic. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955,

13 1965 (2007).  A plaintiff must plead facts showing that a violation is plausible, not just

14 possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009).  The Supreme

15 Court has explained that the complaint must contain specific factual allegations sufficient

16 "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127

17 S. Ct. at 1965.

18    A motion to dismiss for failure to state a claim brought under Rule 12(b) "tests the

19 legal sufficiency of a claim." *Navarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal

20 may be based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to

21 support a cognizable legal claim. *Mendiondo v. Centinela Hospital Medical Center,* 521 F.3d

22 1097, 1104 (9th Cir. 2008)(citing *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th

23 Cir. 1990).

24    The allegations in a complaint must "contain sufficient allegations of underlying facts

25 to give fair notice and to enable the opposing party to defend itself effectively ... [and] but

26 plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing

27 party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*,

28 652 F.3d 12012, 1216 (9th Cir. 2011).

**Discussion**

Defendant Ellis moves for judgment on the pleadings, pursuant to Rule 12(c) & (h) of the Federal Rules of Civil Procedure, without leave to amend, on the basis Plaintiff cannot possibly maintain a legally cognizable claim for relief against him under 42 U.S.C. § 2000cc-1, i.e., the Religious Land Use and Institutionalized Persons Act (RLUIPA), because Plaintiff's request for injunctive relief is moot; and a claim for monetary damages against the Defendant in either an official or individual capacity cannot be maintained as a matter of law. Plaintiff filed a response in opposition attempting to distinguish the facts of the present case with authority cited by Defendant.

The Court finds the case law unequivocally clear that Plaintiff's claim for injunctive relief is moot and that Plaintiff is not entitled to monetary relief from the Defendant either in an individual or professional capacity.

I.

Although the provisions of RLUIPA, which "provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ...'" Hartmann v. California Department of Corrections and Rehabilitation, 707 F.3d 1114, 1124 (9th Cir. 2013), permit a claim for injunctive relief, Plaintiff's request for injunctive relief became moot in this case upon his transfer from Taft Correctional Institute, from which the alleged claim arose, and further because Defendant is no longer the Warden at that facility to effectuate the injunctive relief sought in the Amended Complaint. "Where a prisoner is challenging conditions of confinement and is seeking injunctive relief, transfer to another prison renders the request for injunctive relief moot absent some evidence of an expectation of being transferred back. *Pinson v. Prieto*, 2012 WL 7006131 (C.D.Cal.) (citing *Preiser v. Newkirk*, 422 U.S. 395, 402-03, 95 S.Ct. 2330 (1975); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991).

Because Plaintiff is seeking injunctive relief from conditions while confined at Taft Correctional Institute, his transfer from Taft, evidenced by the Notice: Change of Address filed March 24, 2006 (Doc. 68-2) rendered his request for injunctive relief moot. *Id.*

II.

The law is clearly established that an award of damages under RLUIPA against an actor in their official capacity is barred. *Sossamon v. Texas*, — U.S. ----, 131 S.Ct. 1651, 1663 (2011); *Holley v. California Dept. of Corrections*, 599 F.3d 1108, 1114 (9th Cir. 2010).

Furthermore, decisions within the Ninth Circuit have consistently concluded that RLUIPA does not authorize suits for damages against government officials in their individual capacities, as recognized and held in five federal circuits. *Dixie v. Virga*, 2014 WL 197800, *10 (citing *Stewart v. Beach*, 701 F.3d 1322, 1334-35 (10th Cir. 2012); *Rendelman v. Rouse*, 569 F.3d 182, 187-89 (4th Cir. 2009); *Sossamon v. Lone Star State of Texas,* 560 F.3d 316, 327-29 (5th Cir. 2009); *Nelson v. Miller*, 570 F.3d 868, 886-89 (7th Cir. 2009); *Smith v. Allen*, 502 F.3d 1255, 1271-75 (11th Cir. 2007). See also *Birdwell v. Cates*, 2012 WL 1641964, *9 (E.D.Cal. 2012); *Kindred v. California Department of Mental Health,* 2011 WL 2709104, *8-9 (E.D.Cal. 2011).

No "persuasive reason to depart from the reasoning" as set forth by the numerous courts "which have concluded that RLUIPA does not create a damages remedy against individual defendants" has been presented. See *Dixie*, 2014 WL 197800, *10. Accordingly, the Court finds no basis to support Plaintiff's claim for damages against the Defendant.

**Conclusion**

Based on the forgoing and the Court's finding that the Amended Complaint fails to present a cognizable legal claim,

IT IS ORDERED that Defendant's Motion for Judgment on the Pleadings (Doc. 67) is GRANTED and that this cause of action is DISMISSED;

IT IS FURTHER ORDERED that judgment be entered accordingly.

DATED this 8th day of April, 2014.

Frank R. Zapata
**Senior United States District Judge**